# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RICHARD VITALE,

     Plaintiff,

     v.

DAVID J. CATANESE and THE CATANESE LAW FIRM, P.C.,

     Defendants.

No. 3:11-cv-1831 (MPS)

## RULING AND ORDER

Plaintiff Richard Vitale ("Plaintiff") brings this action against Defendants David J. Catanese and The Catanese Law Firm, P.C. (collectively, "Defendants") raising claims sounding in breach of fiduciary duty, negligence, and breach of contract stemming from Defendants' alleged wrongful disbursement of certain settlement funds from a personal injury action in Arizona to Plaintiff's ex-wife and former girlfriend in Connecticut (Compl. [doc. # 1] ¶¶ 5, 9, 13, 14, 15.)  In January 2012, the Court (Kravitz, J.) issued Orders [doc. ## 11, 12] allowing the parties to conduct limited discovery with regard to the issue of personal jurisdiction, denying without prejudice Defendants' then-pending Motion to Dismiss for Lack of Jurisdiction [doc. # 9], and instructing Defendants that they may file a motion for summary judgment on the jurisdiction issue by April 13, 2012.  On that date, Defendants filed the pending Motion for Summary Judgment [doc. # 24] arguing that this Court lacks personal jurisdiction over Defendants and that Connecticut is not the proper venue for this action.  For the reasons that follow, the Court dismisses this case for lack of personal jurisdiction.[1]

---

[1] Because the Court finds that it lacks personal jurisdiction over Defendants, it will not address the merits of Defendants' claim of improper venue.

## I.     Factual Background

The following facts are taken from Defendants' Local Rule 56(a)(1) Statement and the attached Affidavit of David J. Catanese.  Because Plaintiff did not file a Local Rule 56(a)(2) Statement, the averments in the Affidavit are not controverted and shall be deemed admitted for purposes of this Motion for Summary Judgment.  See Local Rule 56(a)(1) ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2."); see, e.g., Kusnitz v. Yale Univ. Sch. of Med., No. 3:-96-cv-2434 (EBB), 1998 WL 422903 (D. Conn. July 16, 1998) (failure to file a Rule 56(a)(2) Statement left defendant's factual assertions uncontroverted and admitted).[2]

At all relevant times alleged in the Complaint, Attorney Catanese was an attorney practicing law in the state of Arizona.  (Defs'. 56(a)(1) Statement, Ex. A, Affidavit of David J. Catanese (the "Cantanese Aff.") ¶ 3.)  Since 2008, Attorney Catanese has practiced law at The Catanese Law Firm, P.C., a professional corporation organized under the laws of Arizona and located in Phoenix, Arizona.  (Id.)  Attorney Catanese has never advertised, actively solicited clients, or belonged to any organization based in the state of Connecticut.  (Id. ¶ 4.)  Attorney Catanese has no matters pending in Connecticut courts, nor did he have any such matters pending during the relevant time period.  (Id.)  Attorney Catanese is not, and never has been,

---

[2] Plaintiff's failure to file a 56(a)(2) Statement is alone grounds for granting the Motion for Summary Judgment.  Nonetheless, the Court will reach the merits of Plaintiff's claim.  See, e.g., Booze v. Shawmut Bank, 62 F. Supp. 2d 593, 595 (D. Conn. July 23, 1999) (citing cases).  Further, although Plaintiff makes certain additional allegations in his Opposition brief concerning Defendants' contacts with Connecticut, these allegations are not supported by admissible evidence and the Court need not, and will not, consider them in deciding this Motion.  See Fed. R. Civ. P. 56(c)(1); Local Rule 56(a)(3); Raskin v. Wyatt Co., 125 F.3d 55, 56 (2d Cir. 1997).

licensed to practice law in the state of Connecticut.  (Id. ¶ 5.)  Attorney Catanese did not, and does not, engage in a persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in the state of Connecticut.  (Id.  ¶ 4.)  Attorney Catanese has never traveled to Connecticut for any business-related purpose, has not negotiated any commercial contracts in Connecticut, and does not own any real property in the state.  (Id. ¶ 7.)

Attorney Catanese was retained to represent Plaintiff in a negligence action filed in the Superior Court of Arizona, Maricopa County (the "Action").  (Id. ¶ 6.)  All pleadings and motions in the Action were drafted and filed in Arizona.  All correspondence relating to the Action initiated by Attorney Catanese, or by any agent or representative of his, was drafted and sent from his office in Arizona.  All correspondence addressed to Attorney Catanese relating to the Action was received at his office in Phoenix, Arizona.  All witnesses involved in, or related to, the Action are located in Arizona.  (Id.)

## II.    Legal Standard

Where, as here, "defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought."  Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir.1990) (citations omitted).  To succeed on such a motion after discovery on the issue, plaintiff's *prima facie* showing "must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant.  At that point, the *prima facie* showing must be factually supported."  Id. (citations omitted).

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving parties bear the burden of demonstrating that no genuine issue

exists as to any material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–25 (1986).  "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Williams v. Utica Coll. of Syracuse Univ.</u>, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted).  If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." <u>Brown v. Eli Lilly & Co.</u>, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted).  Only admissible evidence need be considered by the Court in ruling on a motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 56(c)(1); Local Rule 56(a)(3); <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55, 56 (2d Cir. 1997).

## III.    Discussion

"In diversity cases, federal courts must look to the forum state's long-arm statute to determine if personal jurisdiction may be obtained over a nonresident defendant." <u>Savin v. Ranier</u>, 898 F.2d 304, 306 (2d Cir. 1990) (citation omitted).  "If jurisdiction is appropriate under the relevant statute, the court must then decide whether [the] exercise of jurisdiction comports with due process." <u>Id.</u> (citation omitted); <u>see also</u> <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (adopting a "minimum contacts" analysis).  Here, the applicable long-arm statute is Connecticut General Statute § 52-59b.  Plaintiff claims that this Court can assert personal jurisdiction over Defendants under both subsection (a)(1) and (a)(3).  These subsections provide for jurisdiction over any nonresident individual or foreign partnership who:

> (1) Transacts any business within the state; . . . [or] (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in

4

the state and derives substantial revenue from interstate or international commerce.

Conn. Gen. Stat. § 52-59b(a)(1), (a)(3).

Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Defendants under either subsection (a)(1) or (a)(3).  First, with respect to subsection (a)(1), while the Connecticut Supreme Court has interpreted the phrase "'transacts any business' to embrace a single purposeful business transaction," Zartolas v. Nisenfeld, 184 Conn. 471, 474 (1981) (citations omitted) (exercising personal jurisdiction over non-resident defendants where they executed a warranty deed concerning the sale of real property located in Connecticut), courts have consistently found that the transmission of communications between a non-resident defendant and a party within the jurisdiction does not, by itself, constitute the transaction of business in this state.  See, e.g., Estate of Martinez v. Yavorcik, 455 F. Supp. 2d 115, 122 (D. Conn. 2006) (no personal jurisdiction over non-resident attorney who had communications via telephone and mail with individuals at the Hartford Fire Department and Medical Examiner's Office in connection with a potential wrongful death action to be brought in Connecticut); Baker v. Abrams, 929 F. Supp. 617, 619 (D. Conn. 1996) (no jurisdiction over non-resident law firm that mailed settlement proceeds from a wrongful death action in Maine to a Connecticut attorney who subsequently misappropriated them); Rosenblit v. Danaher, 206 Conn. 125, 138-142 (Conn. 1988) (no jurisdiction in malpractice action against non-resident attorney where he attended only one meeting in Connecticut in connection with his representation of plaintiffs in an action pending in Massachusetts); Walshon v. Ballon Stoll Bader & Nadler, 121 Conn. App. 366, 368, 373-74 (Conn. App. Ct. 2010) (no jurisdiction over non-resident attorney who sent retainer letter to plaintiff in Connecticut concerning an arbitration in New York and reasoning that the mere knowledge that his client resided in Connecticut did not mean defendant should have

"anticipated litigating or arbitrating in Connecticut."); <u>Fiedler v. First City Nat'l Bank of Houston</u>, 807 F.2d 315, 317 (2d Cir. 1986) (no jurisdiction under New York's long-arm statute, which is virtually identical to Connecticut's, where non-resident defendants made two telephone calls and sent one mailing into the state); <u>Rasmussen v. Scinto</u>, No. 3:06-cv-99 (MRK), 2006 WL 2567862, at *3-*4 (D. Conn. Sept. 5, 2006) (no jurisdiction where non-resident defendant sent one letter to Connecticut and reasoning that "[t]he transmission of communications between an out-of-state defendant and [a party] within the jurisdiction does not, by itself, constitute the transaction of business in the forum state.") (internal quotation marks and citation omitted); <u>Greene v. Sha-Na-Na</u>, 637 F. Supp. 591, 596 (D. Conn. 1986) (no jurisdiction where non-resident defendants made one telephone call and sent one letter and one telegram to plaintiff in Connecticut).

Similarly, here, the only contacts with Connecticut alleged by Plaintiff in the Complaint are the wiring of settlement funds from a personal injury action in Arizona to Connecticut on two separate occasions to his ex-wife and former girlfriend who allegedly converted the funds to their own use. (<u>See</u> Compl. ¶¶ 5, 9, 13, 14, 15.)[3]  Notably, Plaintiff has produced no evidence to support these contacts with Connecticut.  Even if he had, however, these facts, taken together, do not establish that Defendants purposely availed themselves of the benefits and protections of this state by transacting business here.  The contacts that Defendants had with Connecticut were

---

[3] In his Opposition brief, Plaintiff claims additional contacts with Connecticut, including that Attorney Catanese exchanged "dozens of texts and emails" concerning the Arizona action with Plaintiff's former wife and sent a release of claim in connection with the Arizona action to Plaintiff in Connecticut.  (<u>See</u> Pl's. Reply to Defs.' Mot. for Summ. J. [doc. # 31] at 4-5.)  These allegations are not supported by any evidence.  The Court, therefore, has no way to evaluate their substance and will not consider them in deciding this Motion.  The Court notes, however, that even if it were to consider these allegations, it is unlikely, in light of the above authorities, that they would constitute sufficient contacts to exercise personal jurisdiction over Defendants.

minimal and were related to their ongoing attorney-client relationship with Plaintiff who retained Defendants to prosecute his personal injury action in Arizona.  Attorney Catanese conducted all of his work related to the personal injury action, including the drafting of all correspondence, from his office in Arizona.  (Catanese Aff. ¶¶ 6, 7); accord Yavorcik, 455 F. Supp. 2d at 122 (non-resident attorney's few phone and mail contacts with Connecticut "were minimal and were related to his ongoing attorney-client relationship with then-Ohio residents pursuant to retainer agreements executed in Ohio.").  Further, Attorney Catanese is not admitted to practice law in the state of Connecticut, has no matters pending in Connecticut courts, does not advertise or actively solicit business in Connecticut, has never traveled to Connecticut for any business-related purpose, and has not negotiated any contracts in the state.  (Catanese Aff. ¶¶ 4, 8); accord Yavorcik, 455 F. Supp. 2d at 117-18 (no personal jurisdiction where non-resident attorney's practice confined to state and federal courts in Ohio, not licensed to practice law in Connecticut, and never advertised, solicited any business, or executed any contract in Connecticut); Baker, 929 F. Supp. at 619 (no jurisdiction where non-resident attorneys practiced solely in Maine, were not admitted in Connecticut, and never solicited or transacted business in the state).

In light of these limited contacts with Connecticut, the Court finds that Plaintiff has failed to establish that this Court has personal jurisdiction over Defendants under subsection (a)(1) of the long-arm statute.  Similarly, Plaintiff cannot demonstrate that jurisdiction under subsection (a)(3) is proper.  Although this subsection applies to tortious acts committed outside the state that cause injury to a person within the state, which arguably applies to Defendants' alleged wrongful transmission of settlement funds into Connecticut, Plaintiff cannot establish the other required elements of subsection (a)(3).  Specifically, Plaintiff has not demonstrated, as he must, that Defendants "regularly do[ ] or solicit[ ] business, or engage[ ] in any other persistent course of

conduct or derive[ ] substantial revenue from goods used or consumed or services rendered" in Connecticut or that Defendants "derive[ ] substantial revenue from interstate or international commerce."  Conn. Gen. Stat. § 52-59b(a)(3)(A), (B); see also Marczeski v. Kamba, No. 3:99-cv-02479 (AWT), 2001 U.S. Dist. LEXIS 12555, at *8 (D. Conn. Feb. 23, 2011) (no jurisdiction under subsection (a)(3) where non-resident defendants' many telephone calls to Connecticut could be considered tortious acts outside the state, but plaintiff failed to establish the other requirements of the statute).  As noted, Plaintiff has submitted no evidence in response to the Motion for Summary Judgment, and thus there is no evidence in the record from which a reasonable juror could conclude that any of the requirements of subsection (a)(3) have been satisfied.   Indeed, as discussed in detail above, Attorney Catanese has submitted an uncontroverted affidavit attesting that he does not engage in conduct that meets the required elements of the long-arm statute.  (Catanese Aff. ¶¶ 4.)  Accordingly, this Court cannot exercise jurisdiction over Defendants under subsection (a)(3).

Because the Court finds that Connecticut's long-arm statute does not provide a basis for asserting jurisdiction over Defendants, it need not, and does not, analyze whether the exercise of jurisdiction also comports with the Due Process Clause.  See, e.g., Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997) (refusing to conduct due process analysis because plaintiff failed to establish that New York's long arm statute was satisfied); Rosenblit, 206 Conn. at 142 ("With the conclusion that the statutory requirements were not met, it is not necessary for us to decide whether the exercise of jurisdiction over [the non-resident attorney] violated constitutional principles of due process."); Rasmussen, 2006 U.S. Dist. LEXIS 63411, at *10-*11 (finding that the court's conclusion that Connecticut's law arm statute was not satisfied obviated the need to conduct due process analysis).

For these reasons, the Court grants Defendants' Motion for Summary Judgment and dismisses this action for lack of personal jurisdiction.  The Clerk is directed to close this case.


IT IS SO ORDERED.



_____/s/_____
Michael P. Shea, U.S.D.J.


Dated:          Hartford, Connecticut
                August 2, 2013